**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel PARK, a.k.a. Dane Hamilton,**
**Defendant–Appellant.**

**No. 14-50200**

United States Court of Appeals,
Ninth Circuit.

Submitted August 16, 2016 *

Filed August 22, 2016

Jean–Claude Andre, Assistant U.S. Attorney, Gregory Lesser, Assistant U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee

Daniel Park, Pro Se

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

Daniel Park appeals from the district court's judgment and challenges the 87–

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

month sentence imposed following his guilty-plea conviction for possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Park's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Park the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Park waived the right to appeal five specified issues related to his sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to any sentencing issue outside the scope of the appeal waiver. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.